IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MICHAEL WILL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>FIVE & TEN, INC., HUGH ACHESON, and HANK SULLY,<br><br>*Defendants.* | CIVIL ACTION FILE NO.<br><br>JURY DEMAND<br>COLLECTIVE ACTION |

## COMPLAINT

**NOW COMES** Michael Will, individually and on behalf of all others similarly situated (hereinafter "Plaintiff"), and asserts this Complaint against Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully (hereinafter collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA" or "the Act"). Plaintiff states more fully as follows:

INTRODUCTION

1. Plaintiff worked for Defendants within three (3) years preceding the filing of this Complaint. Defendants failed and willfully refused to pay Plaintiff minimum wages equal to or exceeding the amount required under the FLSA §6, 29 U.S.C. §206. Plaintiff seeks, both for himself and all other similarly situated employees, his unpaid wages (including returned tips) for three (3) years preceding the filing of this Complaint (hereinafter "the actionable period"), applicable employer-paid

employment taxes, liquidated damages, and attorneys' fees and costs of litigation under the Act.

2. More specifically, Defendants violated the Act in several specific ways. <u>First</u>, Defendants impermissibly paid service staff the tipped minimum wage for (a) improper side-work tasks, (b) excessive side-work tasks (greater than twenty percent (20%) of each workweek and in excess of thirty (30) contiguous minutes at the beginning of and end of each work shift) and (c) non-contemporaneous side-work tasks. <u>Second</u>, Defendants violated the tip pool regulations in that (a) back-of-house employees illegally received tips from service staff, (b) no accurate description of the tip pool was ever provided to the service staff, (c) accurate records of gross tips received and the tip pool distribution were not provided to the service staff, and (d) service staff was required to tip-out more than fifteen percent (15%) of their actual tips received. <u>Third</u>, Defendants have failed to keep and maintain the proper records required under the Act.

<u>JURISDICTION</u>

3. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*. This Court has original jurisdiction pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331, §1132(a)(1)(B), and §1337.

<u>VENUE</u>

4. Defendant Five & Ten, Inc. is a Georgia-based corporation with its corporate office located at 198 Boulevard, Apartment B, Athens, Georgia, and restaurant located at 1073 South Milledge Avenue, Athens, Georgia and may be served via its

registered agent Hugh Acheson. Venue for this action properly lies in the Middle District of Georgia, Athens Division, pursuant to 28. U.S.C. §1391(b) and §1391(c)(2), and Local Rule 3.1, and 3.4, M.D. Ga.

## DEFENDANTS' COVERAGE UNDER THE FLSA

### Sub-Part 1: Five & Ten, Inc.

5.  Five & Ten, Inc. operates a restaurant located at 1073 South Milledge Avenue, Athens, Georgia.

6.  Hugh Acheson is the C.E.O., C.F.O. and Secretary of Five & Ten, Inc.

7.  Five & Ten, Inc. is owned, in whole or in part, by Hugh Acheson.

8.  Plaintiff was employed by Five & Ten, Inc. starting in June 2021. His employment was terminated in November 2021.

9.  In calendar year 2019, Five & Ten, Inc. had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

10. In calendar year 2020, Five & Ten, Inc. had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

11. In calendar year 2021, Five & Ten, Inc. had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000),

exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

12. Five & Ten, Inc. constitutes an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of §3(r), §3(s)(1), §6(a) and §7(a) of the Act, 29 U.S.C. §203(r), §203(s)(1), §206(a) and §207(a), for the years 2019 through 2021.

13. For the calendar year 2019, Five & Ten, Inc. was covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

14. For the calendar year 2020, Five & Ten, Inc. was covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

15. For the calendar year 2021, Five & Ten, Inc. was covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

16. Five & Ten, Inc. is an "employer" in an industry affecting commerce within the meaning of §3(d) of the Act, 29. U.S.C. §203(d).

17. Five & Ten, Inc. was an "employer" of Plaintiff, as defined in §3(d) of the Act. 29 U.S.C. §203(d), in 2021.

18. During the actionable period – 2019 through 2021 – Five & Ten, Inc. constituted an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of §3(r), §3(s)(1), §6(a) and §7(a) of the Act. 29 U.S.C. §203(r), §203(s)(1), §206(a) and §207(a).

Sub-Part 2: Owner/Managers as "Employers"

19. Defendant Hugh Acheson is an owner and/or shareholder in Five & Ten, Inc.

20. Defendant Hugh Acheson is the C.E.O. of Five & Ten, Inc.

21. Defendant Hugh Acheson is the C.F.O. of Five & Ten, Inc.

22. Defendant Hugh Acheson is the Secretary of Five & Ten, Inc.

23. Defendant Hugh Acheson, along with other individuals, manages the day-to-day operations of Five & Ten, Inc.

24. Defendant Hugh Acheson acted and acts directly in the interest of Five & Ten, Inc. in relation to Defendant Five & Ten, Inc.'s employees such as Plaintiff. Thus, Acheson was an "employer" of the Plaintiff within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

25. Defendant Hank Sully the General Manager of Five & Ten, Inc.

26. Defendant Hank Sully, along with other individuals, manages the day-to-day operations of Five & Ten, Inc.

27. Defendant Hank Sully acted and acts directly in the interest of Five & Ten, Inc. in relation to Defendant Five & Ten, Inc.'s employees such as Plaintiff. Thus, Sully was an "employer" of the Plaintiff within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

FACTS

Sub-Part 1: Basic Employment History and Tip Pool

28. Plaintiff was employed by Defendants from June 2021 to November 2021.

29. Plaintiff was employed by Defendants as a server.

30. Other than for an initial training shift and occasional "wine class" training shifts, Plaintiff was paid $2.13 per hour cash wages plus tips.

31. All servers, including Plaintiff, were required to contribute their tips to a tip pool.

32. Funds from the tip pool were distributed to both front-of-house employees and back-of-house employees.

33. Servers received a *per capita* distribution from the tip pool, i.e., each server received the same amount of tip from the tip pool. Conceptually, this *per capita* distribution would be adjusted if a given server worked less than a full shift; however, Plaintiff never witnessed the allocation being adjusted during his tenure.

34. Cooks and dishwashers also received a distribution from the tip pool.

35. At the end of each nightly shift, each server would enter his/her sales data into a spreadsheet.

36. As an example, a copy of one day's entries for this spreadsheet are attached hereto as Exhibit 1. (Exhibit 1 is the input sheet.)

37. Exhibit 1 contains the data for October 2, 2021.

38. The Plaintiff is listed as a server in column D of Exhibit 1.

39. Exhibit 1 states that the Plaintiff had net sales of $2,854.00, credit card tips of $731.75 and net liquor sales of $294.00 on October 2, 2021.

40. Exhibit 1 states that all servers had "server total tips" of $3,363.04 and "to-go tips" of $4.00 with "server + togo tips" equaling $3,367.04.

41. Exhibit 1 states that the servers collectively contributed $1,181.89 to the tip pool.

42. Exhibit 1 states that the servers retained, after tip pool contribution, $2,185.15.

43. Thus, on this night, the servers were required to contribute approximately 35% of their tips to the tip pool.

44. Exhibit 1 shows that a total of seven (7) servers worked on October 2, 2021.

45. Exhibit 2, attached hereto, is the second sheet of this spreadsheet.

46. Exhibit 2 shows how money is distributed from the tip pool.

47. The numbers on Exhibit 2, the output sheet, do not precisely match the numbers on the input sheet, Exhibit 1.

48. Exhibit 2 shows "total server tips," in column H, of $2,004.50.

49. Exhibit 2 shows that $211.00 was distributed from the tip pool to the kitchen staff – line cooks (column C) - and $84.00 was distributed to the sole dishwasher employed this night (column D).

50. Columns F, G and H, lines 5 through 14, state that Dylan, Mercer, Chris, and Sylvia were employed as line cooks, and each received $52.75 from the tip pool, and

that Van was employed on this day as a dishwasher and received $84.00 from the tip pool.

51. Exhibit 2 shows that, on this night, each server received a *per capita* distribution of $334.08 in tips.

52. Thus, Plaintiff, who received $731.75 in total credit card tips from customers on this night, only retained $334.08 of those tips, or approximately 46%.

Sub-Part 2: Side-Work Tasks

53. During the actionable period, Defendant was only open for dinner service six(6) days per week.

54. On weekdays, service staff arrived at work at approximately 3:00 P.M.

55. The first fifteen (15) minutes of a shift were typically spent consuming a staff meal with the following thirty (30) to forty (40) minutes being dedicated to side-work. A fifteen (15) to twenty (20) minute shift meeting would follow prior to the start of dinner service.

56. Prior to the start of the dinner service, Plaintiff was required to perform various non-tipped, "side-work" tasks.  The side-work tasks of a server would depend upon their nightly assigned section. One section was responsible for vacuuming, another for cleaning bathrooms and mopping, another for cleaning the patio and setting for service, another for clearing staff meal and preparing the server station. Additional tasks were assigned for extra servers:  these could include cleaning windows, dusting, etc.

57. Dinner service, during weekdays, started 5:00 P.M.

58. Dinner service, during weekdays, stopped at 10:00 P.M.

59. Plaintiff typically finished his assigned post-server side-work tasks between 10:30 P.M. and 12:00 A.M., with 11:00 P.M. being the normal end-of-shift time.

60. After dinner service ended, Plaintiff was required to perform the following side-work tasks: breaking down and spot sweeping the dining room, collecting all plates and silverware, breaking down and cleaning the server station, polishing glassware, and silverware, breaking down the patio tables, etc.

61. On weekends, the above-described times changes slightly: staff arrived at 2:00 P.M., dinner service started at 4:00 P.M., dinner service ended at 11:00 P.M. and Plaintiff's post-dinner-service side work might last until 12:30 A.M.

62. Plaintiff was paid $2.13 plus tips for all hours worked, including work time before and after dinner service. (Plaintiff was paid $7.25 per hour for a weekly/biweekly wine class/training session.)

63. Some servers are paid higher hourly rates but still less than $7.25 per hour in cash wages.

Sub-Part 3: Failure to Provide Notice

64. During the period of Plaintiff's employment, Defendants did not have the poster required by 29 C.F.R. §516.4.

65. On information and belief, during the actionable period, Defendants did not post the required poster.

66. Regulation 29 C.F.R. §516.4 requires every employer who employs any person subject to the Act to post a notice explaining the Act, as prescribed by the Wage and

Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy. 29 C.F.R. §516.4; see also 29 U.S.C. §211.

67. Further, whenever Plaintiff asked how the tip pool operated, or how tip contributions were calculated, or how tip distributions were made, he either received no response at all or a meaningless response.

68. At no point during his employment was Plaintiff provided any notice that described the tip pool or set forth the requirements of §3(m) of the Act.

69. On information and belief, during the actionable period, Defendants did not provide to its serving staff any notice that set forth the terms of the tip pool or set forth the requirements of §3(m) of the Act.

70. Section 3(m) of the Act requires:

> **(2) (A)** In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—
>     **(i)** the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>     **(ii)** an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 206(a)(1) of this title.
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. <u>The preceding 2 sentences shall not apply with   respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.</u>
> **(B)** An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion

of employees' tips, regardless of whether or not the employer takes a tip credit.

At no time did the Defendants inform its service staff of these requirements.

### Sub-Part 4: Managers Participating in Tip Pool

71. Defendant Hank Sully the General Manager of Five & Ten, Inc.

72. During the period of Plaintiff's employment, Addison Mason was employed as the assistant manager of Defendant Five & Ten, Inc. Mr. Mason was often referred to as the "service manager" by the staff.

73. Upon information and belief, Mason was assistant manager and/or "service manager" for Defendant Five & Ten, Inc. during the actionable period.

74. Sully and Mason both received distributions from the tip pool.

### Sub-Part 5: Willfulness

75. Section §3(m) was substantially revised by Congress in March 2018, with the passage of the Consolidated Appropriations Act of 2018.

76. Section 3(m) was amended to clarify that all tips belong to the employee who earns them with one (1) exception: an employer may require an employee to participate in a valid tip pool.

77. In relevant part, section 3(m) provides: "and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."

78. Back-of-house employees, such as cooks, line cooks and dishwashers, are not "employees who customarily and regularly receive tips."

79. The changes to section 3(m) were widely publicized by the U.S. Department of Labor, numerous law firms, industry publications and restaurant trade groups.

80. Defendants either knew that their tip pool violated FLSA section 3(m) or acted in reckless indifference to their legal obligations under the Act.

## COUNT I: FAILURE TO PAY MINIMUM WAGE – EXCESSIVE & INAPPROPRIATE "SIDE-WORK"

81. Plaintiff restates and realleges paragraphs one (1) through eighty (80), *supra*.

82. Defendants' willful failure to pay Plaintiff, and all similarly situated employees, the full minimum wage for inappropriate side-work and for side-work (a) exceeding twenty percent (20%) of each workweek and (b) in excess of thirty (30) contiguous minutes before and after each tipped-work period constitutes a violation of the §6 of the Act, 29 U.S.C. §206.

83. Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully owe Plaintiff, and all similarly situated employees, back wages in an amount to be determined at trial for all improperly paid side-work pursuant to 29 U.S.C. §206 and §216.

84. Additionally, Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully owe Plaintiff, and all similarly situated employees, liquidated damages in an equal amount for all improperly paid side-work pursuant to 29 U.S.C. §206 and §216.

## COUNT II:  FAILURE TO PAY MINIMUM WAGE – TIP POOL VIOLATIONS

85. Plaintiff restates and realleges paragraphs one (1) through eighty (80), *supra.*

86. Defendants' willful violations of the U.S. Department of Labor's regulations governing tip pools, i.e., allowing back-of-house employees and/or managers and supervisors to participate and failing to inform the Plaintiff fully of the terms of the tip pool, constitutes a violation of the §6 of the Act, 29 U.S.C. §206.

87. Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully owe Plaintiff, and all similarly situated employees, back wages in an amount to be determined at trial for (1) all retained tips and (2) for the full, non-tipped minimum wage for all hours worked as servers pursuant to 29 U.S.C. §206 and §216.

88. Additionally, Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully owe Plaintiff, and all similarly situated employees, liquidated damages in an equal amount for all retained tips and for all unpaid full (non-tip credit) minimum wages pursuant to 29 U.S.C. §206 and §216.

## COUNT III: RECORDKEEPING VIOLATIONS

89. Plaintiff restates and realleges paragraphs one (1) through eighty (80), *supra.*

90. On information and belief, Defendants do not retain the records required under 29 C.F.R. Part 516.

## COLLECTIVE ACTION

91. Plaintiff brings this Action pursuant to the FLSA, 29 U.S.C. § 216(b), on his own behalf and on behalf of: All current and former servers and bartenders, or other job titles performing the same or similar job duties, who worked for the Defendants at any time in the last three (3) years.

92. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they were employed by Defendants in the same or similar positions as Plaintiff; (b) they were subject to the same unlawful practices, policies, or plans as Plaintiff, namely, Defendants' tip pool and side-work practices and/ or policies; and finally (c) their claims are based upon the same legal theories as Plaintiff.

93. Upon information and belief, Plaintiff estimates that collective group, including both current and former employees of Defendants over the actionable period, will include several dozen members who would benefit from the issuance of a court-supervised notice of this Action and the opportunity to join. The precise number of collective action members should be readily available from a review of Defendants' personnel, scheduling, and time and payroll records.

94. All of Defendants' violations of the Act described herein are systemic policy or practice violations applicable to all servers employed during the actionable period. Thus, pursuant to §16 of the Act, 29 U.S.C. §216, Plaintiff asks that Court-authorized notice should be issued to all servers employed by Five & Ten, Inc. during the actionable period.

PRAYER FOR RELIEF

95. Based upon the forgoing paragraphs, Plaintiff respectfully asks this Court to find and order the following:

   A. That the Court grant Plaintiff a trial by jury on all issues of fact;

   B. That the Court issue Notice to all similarly situated persons pursuant to §16 of the Act, 29 U.S.C. §216;

   C. That the Court toll the statute of limitations for all individuals who file a Consent to join this Action under §16 of the Act, 29 U.S.C. §216;

   D. That the Court find and declare that Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully, collectively, to have violated the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, to have failed to properly pay the Plaintiff minimum wages as required, to have unlawfully retained tips earned by the Plaintiff, and to have acted willfully in violating the rights of Plaintiff under the Act;

   E. That the Court find and declare that Defendant Hugh Acheson acted directly in the interest of Five & Ten, Inc. in relation of the Plaintiff and that as such Defendant Hugh Acheson was an "employer" of Plaintiff within the meaning of §3(d) of the Act, 29 U.S.C. §203(d);

   F. That the Court find and declare that Defendant Hank Sully acted directly in the interest of Five & Ten, Inc. in relation of the Plaintiff and that as such Defendant Hank Sully was an "employer" of Plaintiff within the meaning of §3(d) of the Act, 29 U.S.C. §203(d);

G. That Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully be ordered to pay Plaintiff back wages equaling the minimum required under §6 of the Act, 29 U.S.C. §206, for all applicable workweeks;

H. That Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully be ordered to return *all* tips received by Plaintiff pursuant to §3(m) and §6 of the Act, 29 U.S.C. §203(m) and §206, for all applicable workweeks;

I. That Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully be ordered to pay Plaintiff liquidated damages under the Act;

J. That Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully be ordered to pay Plaintiff all employer-allocated employment taxes, e.g., FICA and FUTA, on any back pay award to the Plaintiff;

K. That Defendants Five & Ten, Inc., Hugh Acheson, and Hank Sully be ordered to pay Plaintiff's reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. §216; and,

L. For such other and further relief as the Court finds just and appropriate.

Respectfully submitted this twentieth (20th) day of April 2022.

                                                      */s/ Peter H. Steckel*
                                                      Peter H. Steckel
                                                      Georgia Bar Number 491935
                                                      Counsel for Plaintiffs

Steckel Law, L.L.C.
1120 Ivywood Drive
Athens, Georgia 30606
(404) 717-6220
Email: peter@SteckelWorkLaw.com